UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MATTHEW CARL VOGEL
    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
NATURAL RESOURCES,
MICHIGAN STATE POLICE,
TUSCARORA TOWNSHIP POLICE
DEPARTMENT, CONSERVATION OFFICER
DANIEL RAY DUNCAN, RANGER DANIEL
DAVID ASHENFELTER, SW4 DOUGLAS
CHRISTOPHER WILDERMAN, individually and in
their official capacities as officers and/or employees
of the Michigan Department of Natural Resources;
OFFICER JEFFERY JOHNSON, OFFICER STACY
LYNN LAWRENCE, A/K/A STACY LYNN
LaLONDE, CHIEF OF POLICE GORDON
MORELL TEMPLE, individually and in their official
capacities as police officers for Tuscarora Township,
Cheboygan County, Michigan,

Jointly and Severally,
    Defendants.

_____/

James J. Makowski (P62115)
Attorney for Defendant
6528 Schaefer
Dearborn, MI 48126
313.434.3900
_____/

**PLAINTIFF'S COMPLAINT**
**REQUEST FOR DAMAGES AND JURY DEMAND**

NOW COMES Plaintiff, Matthew Carl Vogel, by and through his attorney, James J. Makowski,

and for his Complaint states as follows:

**Introduction**

1. Matthew Carl Vogel (hereinafter Plaintiff), after being assaulted and battered, his person was then unreasonably and unlawfully seized, falsely imprisoned, and his due process rights and liberty rights were deprived in violation of the United States Constitution and federal statute, by government officials acting in concert and undercolor of law.

### Parties, Jurisdiction and Venue

2. Plaintiff is an individual residing in Howell, Michigan.

3. Defendant Daniel Duncan is a Conservation Officer employed at all relevant times by the Michigan Department of Natural Resources.

4. Defendant Dan Ashenfelter is a Ranger employed at all relevant times by the Michigan Department of Natural Resources.

5. Defendant Douglas Wilderman is an SW4 employed at all relevant times by the Michigan Department of Natural Resources.

6. Defendant Officer Jeffery Johnson is a law enforcement officer employed at all relevant times by the Tuscarora Township Police Department, Cheboygan County, Michigan.

7. Defendant Officer Stacey LaLonde is a law enforcement officer employed at all relevant times by the Tuscarora Township Police Department, Cheboygan County, Michigan.

8. Defendant Chief of Police Gordon Temple is the chief law enforcement officer of Tuscarora Township Police Department, Cheboygan County, Michigan.

9. Michigan State Police Trooper "Nadeau" is, upon information and belief, a State Police Trooper employed by the State of Michigan whose full name is presently unknown.

10. Defendant Michigan Department of Natural Resources (hereinafter "DNR") is an agency of the executive branch, organized and existing under the laws of, and having authority, duties and powers as provided under the laws of the State of Michigan.

11. Defendant Michigan State Police is an agency of the executive branch, organized and existing under the laws of, and having authority, duties and powers as provided under the laws of the State of Michigan.

12. Defendant Tuscarora Township Police Department is a police department organized and existing under the laws of the State of Michigan having authority, duties and powers as provided under the laws of the State of Michigan and the Ordinances of Tuscarora Township within the Eastern Judicial District of the State of Michigan.

13. The DNR, Michigan State Police and the Tuscarora Township Police Department have the responsibility for the hiring, training, supervision, disciplining and retention of police officers employed and other employees, including Duncan, Ashenfelter, Wilderman, Johnson, LaLonde, and Temple.

14. Plaintiff, at the time of this action, is a licensed concealed pistol license holder.

15. The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00).

16. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

17. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as the actions alleged herein occurred in the Eastern District of Michigan.

## General Allegations

18. Plaintiff incorporates paragraphs 1 through 17 of this Complaint herein by reference.

19. Plaintiff was not convicted of any criminal law violation.

20. Plaintiff, on August 13, 2016, at approximately 5:30 p.m., was at Burt State Park on a family camping trip with his wife and minor child.

## COUNT I

### Violation of Civil Rights, 42 U.S.C. § 1983, 42 U.S.C. § 1988

21. Plaintiff repeats paragraphs 1 through 20 of this Complaint and incorporates them by reference.

22. This cause arises under 42 U.S.C. § 1983 and 42 U.S.C. § 1988, wherefore; this Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1343(a)(3) and § 1333.

23. The acts described herein occurred on August 13, 2016, within the Eastern District of the State of Michigan.

24. Prior to the events described herein, the DNR, Police Department, and Chief Temple developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of citizens, including Plaintiff's.

25. As applied by Defendants, the Statutes and Protocols violated Plaintiff's rights against unreasonable searches and seizures under both the Fourth Amendment of the United States Constitution and Art. I, §6 and §11 of the Michigan Constitution.

26. Specifically, the DNR, Township, Michigan State Police, Tuscarora Township Police Department, and Chief Temple failed to adequately andproperly supervise and train its police officers, including Duncan, Johnson, LaLonde and Nadeau, in various aspects of law enforcement procedure and substance, including, but not limited to, detentions, searches and seizures, and on laws relating to the ownership and possession of firearms.

27. The above-described acts and omissions by DNR, Township, Michigan State Police, Tuscarora Township Police Department, and Chief Temple demonstrated a deliberate indifference to the constitutional rights of citizens, and were the cause of the violations of Mr. Vogel's Second, Fourth, and Fourteenth Amendments to the United States Constitution.

28. As a result of DNR, Township, Michigan State Police, Tuscarora Township Police Department, and Chief Temple's violations of Plaintiff's constitutional rights, Plaintiff suffered substantial injuries and damage.

29. During the events alleged in this Complaint, Defendants acted in concert, within the scope of their employment and under the color of law.

30. Plaintiff exercised his Fourth Amendment right to be secure in his person against unreasonable and unlawful seizure.

31. Defendants, on August 13, 2016, did assault and commit battery to Plaintiff's person, unreasonably and unlawfully seize, detain, confine, falsely imprison, and deprive Plaintiff of his liberty by placing him in a locked patrol car without due process, without lawful justification, without reasonable suspicion, or probable cause to believe a criminal violation had been committed.

32. Plaintiff, aware of his unlawful and false imprisonment, assertively pleaded for his release.

33. Defendants Duncan, Ashenfelter, Wilderman, Johnson, LaLonde, and Nadeau, notwithstanding Plaintiff's pleas for release, continued to act in concert and deprived Plaintiff of his U.S. Constitutional and Federal rights.

34. Plaintiff argues that the Defendant's issuance of the felony arrest warrant occurred in retaliation for his exercise of his Fourth Amendment right to be free of unreasonable seizure and false imprisonment.

35. Defendants' conduct was undertaken under color of law and operated to deprive Plaintiff of his federal rights guaranteed by the United States Constitution and Federal Statute.

36. Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive Plaintiff of his federal rights guaranteed by the United States Constitution and Federal Statute.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, Plaintiff seeks damages against Defendants in the amount of Three Hundred Thousand ($300,00.00) Dollars including punitive damages in the amount of an additional Five Hundred Thousand Dollars ($500,000.00) or such amount as the court or finder of fact deems proper, plus costs and attorney fees.

## COUNT II

### Unlawful Seizure and False Imprisonment

37. Plaintiff incorporates paragraphs 1 through 36 of this Complaint herein by reference.

38. Defendants Duncan, Ashenfelter, Wilderman, Johnson, LaLonde, and Nadeau, law enforcement officers, on August 13, 2016, at approximately 5:20 p.m. unreasonably and unlawfully seized Plaintiff's person without probable cause to be a crime occurred.

39. Defendants Duncan, Ashenfelter, Wilderman, Johnson, LaLonde, and Nadeau, then escorted Plaintiff to a police patrol vehicle that was parked outside of the campsite where Plaintiff was falsely imprisoned.

40. Plaintiff was placed into the rear of the patrol car while still handcuffed and the door was closed.

41. Aware of his unlawful confinement, Plaintiff objected to his false imprisonment.

42. Defendants Duncan, Ashenfelter, Wilderman, Johnson, LaLonde, and Nadeau, in close proximity to Plaintiff throughout Plaintiff's false imprisonment, remained deliberately indifferent to Plaintiff and denied Plaintiff's pleas to be released.

43. Two days following Defendants' unreasonable and unlawful seizure and false imprisonment of Plaintiff, Plaintiff was released on bond from his unlawful confinement with a felony charge pending against him.

44. Defendants lacked legal authority to seize, detain, confine, imprison and deprive Plaintiff of his liberty. Defendants were grossly negligent for unreasonably and unlawfully seizing, and subsequently confining Plaintiff.

45. The conduct of Duncan, Ashenfelter, Wilderman, Johnson, LaLonde, and Nadeau, as set forth above constituted an unreasonable search and seizure under the Fourth Amendment of the United States Constitution and Art. I, §11 of the Michigan Constitution. In addition, such conduct constituted a violation of Plaintiff's right to bear arms under the Second Amendment and Art. I, §6 of the Michigan Constitution.

WHEREFORE, Plaintiff demands personal judgment against Defendants in the amount of Three Hundred Thousand ($300,00.00) Dollars or such amount that he is otherwise found to be entitled

to, plus costs, interest and attorney fees and an additional amount of Five Hundred Thousand ($500,000.00) for punitive and/or exemplary damages.

## COUNT III

### Assault and Battery

46. Plaintiff incorporates paragraphs 1 through 45 of this Complaint herein by reference.

47. At the time of this incident Plaintiff possessed a valid Michigan Concealed Pistol License and was openly carrying a semiautomatic pistol in plain view, in full compliance with state law.

48. Plaintiff was approached by Defendant Duncan at approximately 5:20 p.m.

49. Duncan demanded Plaintiff produce identification, which Plaintiff declined to do as Michigan does not require identification to be produced upon demand.

50. Duncan then directed the campground office to call 911 and summon local law enforcement, with Johnson and LaLonde responding from Tuscarora Township PD.

51. At some point Duncan was joined by Defendants Ashenfelter, Wilderman, Johnson, LaLonde and Trooper Nadeau and again demanded Plaintiff comply with the illegal demand of Duncan to provide identification.

52. Plaintiff's right arm was seized by Defendant Duncan, who immediately handcuffed Plaintiff and informed him he was under arrest for "Obstructing, Resisting or Opposing a Police Officer."

53. Defendant Duncan then placed Plaintiff in the Tuscarora Township Police Department car, which Plaintiff did not resist.

54. Defendant Duncan began a pat down of Plaintiff removing his pocket knife and pen from his front pockets.

WHEREFORE, Plaintiff demands personal judgment against Defendants in the amount of Three Hundred Thousand ($300,00.00) Dollars or such amount that he is otherwise found to be entitled to, plus costs, interest and attorney fees and an additional amount of Five Hundred Thousand ($500,000.00) for punitive and/or exemplary damages.

## COUNT IV

### Violation of the Fourth and Fourteenth Amendments

55. Plaintiff repeats paragraphs 1 through 54 of this Complaint and incorporates them by reference.

56. This cause arises under Article 1, Section 2 of the Fourth Amendment of the United States Constitution. The acts described herein occurred on August 13, 2016, within the boundary of Cheboygan County, in the State of Michigan.

57. Plaintiff's Constitutional rights that Defendants violated include the following:

   A.   Plaintiff's right to liberty protected by the due process clause of the Fourteenth Amendment, which includes personal safety and freedom from captivity.

   B.   Plaintiff's right to fair and equal treatment guaranteed and protected by the equal

protection clause of the Fourteenth Amendment.

58. Plaintiff exercised his right to be free of unreasonable seizure guaranteed by Article 1, Section 2 of the Fourth Amendment of the United States Constitution. Plaintiff's right to be free of unlawful seizure in violation of the Fourth Amendment of the United States Constitution cannot be justified by the Defendants' faulty investigation.

59. Defendants' conduct was undertaken under color of law and operated to deprive Plaintiff of a federal right guaranteed by Article 1, Section 2 of the Fourth Amendment of the United States Constitution.

60. Defendants violated Article 1, Section 2 of the Fourth Amendment of the United States Constitution when their conduct operated to deprive Plaintiff of a federal right guaranteed by the United States Constitution.

WHEREFORE, pursuant to Article 1, Section 2 of the Fourth Amendment of the United States Constitution, Plaintiff seeks damages against Defendants in the amount of Three Hundred Thousand ($300,00.00) Dollars including punitive damages in the amount of an additional Five Hundred Thousand Dollars ($500,000.00) or such amount as the court or finder of fact deems proper, plus costs and attorney fees.

## COUNT V

### Civil Conspiracy

61. Plaintiff repeats paragraphs 1 through 64 of this Complaint and incorporates them by reference.

62. The Civil Rights Act of 1866, as amended, 42 U.S.C. § 1985 and § 1986, prohibits conspiracies to interfere with civil rights.

63. Duncan, Ashenfelter, Wilderman, Johnson, LaLonde, and Nadeau,violated 42 U.S.C. § 1985 in that they entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving Plaintiff of rights guaranteed to him under the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

64. Duncan, Ashenfelter, Wilderman, Johnson, LaLonde, and Nadeau, have each done and/or have caused to be done acts in furtherance of this conspiracy whereby Plaintiff had been injured and has been deprived of rights guaranteed to him under the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

65. Duncan, Ashenfelter, Wilderman, Johnson, LaLonde, and Nadeau,each had actual knowledge of the conspiracies to deprive Plaintiff of his rights protected by § 1985, and each had the power and opportunity to prevent the violations from occurring and/or continuing and failed to do so.

66. As a direct and proximate result of the foregoing, Duncan, Ashenfelter, Wilderman, Johnson, LaLonde, and Nadeau, have caused Plaintiff to suffer significant indignities and financial and other damages and have deprived Plaintiff of his rights and privileges as a citizen of the United States.

WHEREFORE, Plaintiff seeks damages against Defendants in the amount of Three Hundred Thousand ($300,00.00) Dollars including punitive damages in the amount of an additional Five

Hundred Thousand Dollars ($500,000.00) or such amount as the court or finder of fact deems proper, plus costs and attorney fees.

Respectfully submitted,

Dated: July 18, 2017 /s/ James J. Makowski P62115
Attorney for Plaintiff
6528 Schaefer
Dearborn, MI 48126
313.434.3900