# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MATTHEW CARL VOGEL,

        Plaintiff,                    Criminal No.: 17-cv-12425

v.                                   Honorable Thomas L. Ludington

MICHIGAN, STATE OF - DEPARTMENT OF
NATURAL RESOURCES, et al

        Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO AMEND AND CANCELLING MOTION HEARING DATE

On July 27, 2017, Plaintiff Matthew Carl Vogel filed a complaint against the State of Michigan Department of Natural Resources, the Michigan State Police Department, the Tuscarora Township Police Department, and several law enforcement officers within those departments. ECF No. 1. Amended complaint was filed on September 14, 2017, which added no new parties. ECF No. 4. The case was originally assigned to Judge Laurie Michelson, but on March 26, 2018, the case was reassigned to this Court pursuant to the parties' consent. ECF No. 30. Before the transfer occurred, Defendants Michigan Department of Natural Resources and Michigan State Police Department filed a motion to dismiss wherein they argued that the claims against them were barred by Eleventh Amendment immunity. On March 20, 2018, Vogel filed a motion for leave to file a second amended complaint. ECF No. 27. In the motion, Vogel indicates that the second amended complaint will clarify that he is seeking non-monetary relief from the state defendants. Neither party has filed response briefs to the motions or indicated whether they oppose the relief requested.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, "'where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

An amendment would be futile if the proposed amended complaint does not state a claim upon which relief can be based. A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (quotations and citation omitted).

The State Defendants argue that they should be dismissed because they are immune from suit pursuant to the Eleventh Amendment. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Am. Eleven. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).

> There are several exceptions to Eleventh Amendment immunity.
>
> First, Congress may abrogate immunity by statute where its action is a proper exercise of constitutional power, as discussed in Garrett. Second, the Amendment does not bar a suit against a state official seeking prospective injunctive relief to end a continuing violation of federal law. *See Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Finally, a state may waive Eleventh Amendment protection. *See Lawson v. Shelby County*, 211 F.3d 331 (6th Cir.2000).

*Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002).

In his motion for leave to amend, Vogel seeks leave to add a claim for injunctive relief against the Michigan Department of Natural Resources and Michigan State Police. But "[i]njunctive relief is available under the *Young* exception only against state officers—not the state itself—who violate federal law." *Lawson v. Shelby Cty.*, *TN*, 211 F.3d 331, 335 (6th Cir. 2000). Likewise, Michigan has not consented to this suit, and Congress has not abrogated state immunity through 42 U.S.C. § 1983 (which is the statute Vogel relies upon for his causes of action). *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Accordingly, Vogel's claims against the Michigan Department of Natural Resources and the Michigan State Police are barred by the Eleventh Amendment regardless of whether he seeks injunctive or monetary relief. The State Defendants' motion to dismiss will be granted, and Vogel's motion for leave to amend will be denied.

Accordingly, it is **ORDERED** that the State Defendants' motion to dismiss, ECF No. 25, is **GRANTED.**

It is further **ORDERED** that Defendant Michigan Department of Natural Resources and Defendant Michigan State Police Department are **DISMISSED.**

It is further **ORDERED** that Plaintiff Vogel's motion for leave to amend, ECF No. 27, is **DENIED.**

It is further **ORDERED** that the motion hearings set for June 6, 2018, at 2:00 p.m. are **CANCELLED.**

Dated: May 21, 2018                    s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2018.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager